REGAN, Judge.
The plaintiff, Milton Brown, filed this suit against the defendant, Leonard Construction Company, his former employer, endeavoring to recover the sum of $14,000.00 representing the amount of compensation which he asserts is due for total and permanent disability resulting from injuries incurred during the course and scope of his employment.
The defendant answered and therein denied that the plaintiff had incurred total and permanent disability during the course of his employment by the defendant; that if any injury was in fact sustained the plaintiff had fully recovered therefrom.
From a judgment in favor of the plaintiff, awarding him compensation in the amount of $35.00 per week for a period not to exceed 300 weeks for temporary and total disability, subject to certain conditions imposed upon him by the trial judge,[1] the defendant has prosecuted this appeal.
The record discloses that the plaintiff was employed when the accident occurred as a pipefitter at a wage of $4.42j4 per hour. His particular occupation involved a great deal of walking, kneeling, and other similar physical activity. In any event, while in the pursuit of his work he tripped over a cable which caused him to fall and injure his right knee and elbow. Shortly thereafter he was referred to local doctors for medical attention, and subsequently he was examined by Dr. Walter Brent, an orthopedist.
The plaintiff continued to work for a few days after the accident, but then quit because his injury interfered with climbing and other activities associated with his em *887 ployment as a pipefitter. He subsequently obtained employment elsewhere as a pipe-fitter foreman, but could not resume his former position.
The medical evidence inscribed in the record laboriously reveals the minute details of the diagnosis and treatment of the plaintiff’s condition. The two orthopedic physicians who testified on behalf of the plaintiff and the defendant related that prior to the accident the plaintiff had a “mass” over the anterior medial aspect of the right knee, just slightly medial to the patella. This mass pre-existed the present injury and this fact is not seriously disputed with the exception of some testimony emanating from the plaintiff to the effect that the mass disappeared between the occurrence of a previous injury and the injury which forms the subject matter hereof. In any event, the plaintiff’s condition was diagnosed as a preexisting lipoma, or fatty tissue tumor composed of a fatty cell mass, upon which was superimposed a hematoma. The medical evidence also reveals that swelling was present together with tenderness and discoloration. Briefly, the record clearly discloses that the plaintiff incurred some injury to the preexisting mass on his knee, irrespective of what the nature of this mass may be.
The record is likewise clear to the effect that the plaintiff at this time cannot resume his former occupation, and in conformity with the well settled jurisprudence of this state[2] such a condition results in his legal classification of being totally disabled under the Workmen’s Compensation Statute.
The evidence emanating from both orthopedic specialists who appeared in the lower court revealed that the surgical removal of the mass on the plaintiff’s right knee would clear up his condition within three to four weeks, and permit him to resume his former occupation. In view of the foregoing facts, the lower court declared the plaintiff’s total disability to be temporary in nature and drafted its judgment accordingly.
The defendant insists that the lower court erred in rendering a judgment entitling the plaintiff to compensation for temporary total disability in view of the medical testimony to the effect that his condition at the present time is substantially the same as it was before the accident. However, the record does not confirm this assertion, since it discloses that the plaintiff was still experiencing pain during the trial hereof. This condition, is to some extent, borne out by the fact that, as stipulated by both counsel, the plaintiff agreed to submit to an operation for the removal of the lump on his knee. Considering these facts, we are convinced that the lower court did not err in awarding the defendant compensation for temporary total disability. Moreover, the defendant cannot be prejudiced thereby, since the case may be reopened by it, and compensation discontinued in the event that the plaintiff should regain his ability to perform the duties of his former occupation.[3] In this connection it is of interest to point out that counsel for the plaintiff informed this court that the operation had been performed two days prior to the hearing hereof. Therefore the results of the operation are now known to. counsel for the respective litigants and since the judgment of the lower court was rendered on June 1st, 1966 the case may be re-opened when the judgment of this court becomes final.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant is to pay all costs incurred herein.
Affirmed.
Rehearing denied.
JANVIER, J., is of the opinion that a rehearing should be granted.

. The lower court imposed the condition upon the plaintiff that he submit to surgical removal of a lump on his knee which formed the basis for his disability. The plaintiff on appeal originally contested the lower court’s right to impose such a condition. However, prior to argument hereof, he agreed to submit to the operation recommended by the physicians who treated him, and the defendant agreed to pay for the cost thereof. Consequently, this interesting aspect of the case is not posed for our consideration.

. Knispel v. Gulf States Utilities Co., Inc., 174 La. 401, 141 So. 9 (1932); Thibodeaux v. W. Horace Williams Co., 14 So. 2d 320 (La.App.1943); Fisher v. Standard Accident Ins. Co., 28 So.2d 59 (1946).

. R.S. 23:1331.